IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:15-cv-00300-GCM

| | |
|---|---|
| NORMAN GATEWOOD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **ORDER** |
| DEPARTMENT OF VETERAN ) | |
| AFFAIRS, Compensation & ) | |
| Pension, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER** is before the Court on an initial review of Plaintiff's pro se complaint and his motion to proceed *in forma pauperis*.[1] For the reasons that follow, Plaintiff's complaint will be dismissed.

In his complaint, Plaintiff, who identifies himself as a U.S. Army Veteran, alleges that a physician working on behalf of the Defendant is endeavoring to discontinue his disability compensation. Plaintiff contends that he has appealed the physician's decision and requested an increase in benefits but he has been unsuccessful in that regard. (3:15-cv-00300, Doc. No. 1:

---

[1] In addition to reviewing Plaintiff's motion to proceed *in forma pauperis*, the Court must examine the complaint to determine whether this Court has jurisdiction and to ensure that the action is not (1) frivolous or malicious; or (2) that the complaint fails to state a claim upon which relief may be granted; or (3) that Plaintiff is seeking monetary damages from a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B)(i),(ii), and (iii); see also Michau v. Charleston County, S.C., 434 F.3d 725, 728 (4th Cir. 2006) (noting that § 1915(e) "governs IFP filings in addition to complaints filed by prisoners . . ."). In conducting this review, the Court must determine whether the complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327–28 (1989). While a pro se complaint must be construed liberally, Haines v. Kerner, 404 U.S. 519, 520 (1972), this requirement of liberal construction will not permit a district court to ignore a clear failure to allege facts in the complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387, 391 (4th Cir. 1990). Further, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986).

Complaint at 4-5).

Plaintiff's complaint will be dismissed because this Court lacks jurisdiction to review a determination on disability benefits that is rendered by the U.S. Department of Veterans Affairs (VA). See Butler v. United States, 702 F.3d 749, 753 (4th Cir. 2012) (providing that 38 U.S.C. § 511(a) precludes review by a district court of the VA decision regarding benefits) (citing Littlejohn v. United States, 321 F.3d 915, 921 (9th Cir.), cert. denied, 540 U.S. 985 (2003)).

For the reasons stated herein, the Court finds that Plaintiff has failed to state a claim for relief and the complaint will be dismissed. 28 U.S.C. § 1915(e)(2)(B)(ii).

**IT IS, THEREFORE**, **ORDERED** that Plaintiff's Motion to Proceed *in forma pauperis* is **GRANTED** for the purpose of this initial review. (Doc. No. 2).

**IT IS FURTHER ORDERED** that Plaintiff's complaint is **DISMISSED** without prejudice. (Doc. No. 1).

The Clerk of Court is respectfully directed to close this civil case.

Signed: July 15, 2015

Graham C. Mullen
United States District Judge